### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

JOSEPH DETTREY,

    Plaintiff,

v.

VIKING COLLECTION SERVICE, INC., a Minnesota corporation,

    Defendant.

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for any pendent state law claims or issues.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

### PARTIES

4. Plaintiff, Joseph Dettrey, is a natural person who resides in the City of Monument, County of El Paso, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Viking Collection Service, Inc., is a Minnesota corporation and a collection agency operating from an address at 7500 Office Ridge Circle, Eden Prarie, Minnesota, 55344, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6. Sometime before December 2005, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal revolving charge account owed to Chase (hereinafter the "Account").

7. Due to circumstances beyond the Plaintiff's control the Account was not paid by the Plaintiff and it went into default with the creditor.

8. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

9. On or about August 2006 through October 2006 the Plaintiff received phone calls and voicemail messages from representatives, employees and or agents of the Defendant who were attempting to collect the Plaintiff's Account. The Plaintiff made phone calls to the Defendant in response to the phone calls and voicemail

      messages from the Defendant. These phone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA §1692a(2).

10. During the phone calls on or about August 2006 through October 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that they would take him to Court if he did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(10) and 1692f preface.

11. During the phone calls on or about August 2006 through October 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that he would be liable for the Defendant's Court costs, attorney's fees and other penalties if he did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(10), 1692f preface and f(1).

12. During the phone calls on or about August 2006 through October 2006 representatives, employees and / or agents of the Defendant repeatedly falsely threatened the Plaintiff that they would come after and attach his two vehicles if he did not pay the Account. These actions constitute violations of the FDCPA including but not limited to 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(4), e(5), e(10) and 1692f preface.

13. During a phone call on or about August 2006 a representative, employee and / or agent of the Defendant called the Plaintiff's brother, John Dettrey, told him that

      the Plaintiff needed to call immediately regarding a Court date and left a phone number of the Defendant for the Plaintiff to call back. This phone call constituted a "communication" as defined by FDCPA §1692a(2). These actions constitute violations of the FDCPA including but not limited to 1692c(b), 1692d preface, d(2), 1692e preface, e(2)(A), e(3), e(5), e(7), e(10) and 1692f preface.

14. The Defendant has not filed any legal action(s) against the Plaintiff.

15. The Defendant has not attached the Plaintiff's vehicles.

16. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

17. The Defendant and its representatives, employees and / or agents above listed statements constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

18. The Defendant and its representatives, employees and / or agents above listed statements constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

19. The Defendant and its representatives, employees and / or agents above listed statements constitute false or misleading representations and violate FDCPA 1692e preface, e(2)(A), e(3), e(4), e(5), e(7) and e(10).

20. The Defendant and its representatives, employees and / or agents above listed statements involve unfair practices, false statements, humiliation and insults in

       collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

21. The Defendant's actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

22. The Defendant's actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

23. The Defendant's actions as well as that of its representatives, employees and / or agents were negligent violations of the FDCPA.

24. As a consequence of Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## COUNT I, FDCPA VIOLATIONS

25. The previous paragraphs are incorporated into this Count as if set forth in full.

26. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(b), § 1692d preface, d(2), § 1692e preface, e(2)(A), e(3), e(4), e(5), e(7), e(10), § 1692f preface and f(1).

27. The Defendant's violations are negligent.

28. The Defendant's violations are multiple, willful and intentional.

29. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, RESPONDEAT SUPERIOR

30. The previous paragraphs are incorporated into this Count as if set forth in full.

31. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

32. The negligence and actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

33. As a direct and proximate result of the aforesaid negligence and actions, the Plaintiff has suffered the aforementioned damages.

## COUNT III, INVASION OF PRIVACY
## UNREASONABLE INTRUSION UPON THE SECLUSION OF ANOTHER

34. The previous paragraphs are incorporated into this Count as if set forth in full.

35. The Defendant and its representatives, employees and / or agents intentionally intruded, physically or otherwise, upon the Plaintiff's solitude and seclusion by repeatedly falsely threatening the Plaintiff that they would take him to Court if he did not pay the Account, repeatedly falsely threatening the Plaintiff that he would be liable for the Defendant's Court costs, attorney's fees and other penalties if he did not pay the Account, repeatedly falsely threatening the Plaintiff that they would come after and attach his two vehicles if he did not pay the Account and

       by calling the Plaintiff's brother, John Dettrey, and telling him that the Plaintiff needed to call immediately regarding a Court date.

36. The Defendant and its representatives, employees and / or agents intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt that would be very offensive to a reasonable person in that position.

37. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and / or private concerns or affairs.

38. The above listed intentional intrusion upon the Plaintiff by the Defendant and its representatives, employees and / or agents occurred in a way that would be highly offensive by a reasonable person.

39. The Plaintiff has been harmed because of the Defendant's invasion of privacy and has damages as a result of the invasion of privacy by the Defendant including but not limited to: emotional distress, loss of sleep, loss of enjoyment of life, humiliation and embarrassment because of such invasions of privacy by this Defendant.

40. As a result of such invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## **PRAYER**

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under state and federal law, including actual damages under 15 USC §1692k(a)(1).

2. Statutory damages under 15 USC §1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC §1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      _s/ David M. Larson_____
                                      David M. Larson, Esq.
                                      Attorney for the Plaintiff
                                      405 S. Cascade Avenue, Suite 305
                                      Colorado Springs, CO 80903
                                      (719) 473-0006

Address of the Plaintiff:
19415 W Top O The Moor Drive
Monument, CO 80132